IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIMBERLY STEWARD

                Plaintiff,

vs.                                                    Case No.: _____

THE UNITED STATES OF AMERICA,
MICHAEL STEWARD, and
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

                Defendants.

### COMPLAINT FOR PERSONAL INJURIES AND OTHER DAMAGES

COME NOW Plaintiff, by and through her attorneys, Whitener Law Firm, P.A., and for her

Complaint for Personal Injury states:

### I.      PARTIES JURISDICTION AND VENUE

1.      Plaintiff resides in Peralta, County of Valencia, State of New Mexico.

2.      Defendant UNITED STATES OF AMERICA is a proper party as it employed Jose

Aleman who was working and acting in the course and scope of his duty as an employee at the time

of the crash.

3.      Upon information and belief, Jose Aleman (hereinafter "Aleman") has been at all

material times an Employee of Defendant United States Of America and at all relevant times was

acting within the course and scope of his duty as an employee of Defendant United States of

America.

4.      Upon information and belief, Defendant Michael Steward has been at all material

times hereto a resident of Peralta, Valencia County, State of New Mexico.

5.      Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a

foreign corporation doing business in Bernalillo County, State of New Mexico.  State Farm is named

as a party herein pursuant to the holding in *Martinez v. Reid*, 2002-NMSC-015 (2003).  At all relevant times, Defendant State Farm insured Defendant Michael Steward.

6.      Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a foreign corporation doing business in Bernalillo County, State of New Mexico.  State Farm is a party pursuant to Plaintiff's claim for Uninsured/ Underinsured Motorist Benefits.

7.      The events which form the subject matter of this Complaint occurred on Interstate 25 near Mile Marker 172, County of Socorro, State of New Mexico.

8.      Venue is appropriate in the U.S. District Court for the District of New Mexico because the alleged actions occurred in New Mexico.

## II.      FACTS COMMON TO ALL CLAIMS

9.      Plaintiff incorporates by reference the foregoing allegations contained in Plaintiff's Complaint.

10.     On or about May 12, 2016, Plaintiff Kimberly Steward, was a passenger in vehicle, operated by Defendant Michael Steward.

11.     The vehicle in which she was traveling southbound on Interstate 25 near Mile Marker 172 in Socorro County, New Mexico.

12.     On or about May 12, 2016, Aleman was driving his vehicle southbound on Interstate 25 near Mile Marker 172 in Socorro County.

13.     Aleman suddenly slowed and/or suddenly stopped in the roadway.

14.     Aleman failed to signal prior suddenly stopping in the roadway to exit the roadway.

15.     Defendant Michael Steward was driving behind an unidentified vehicle immediately prior to the crash.

16.     The unidentified vehicle suddenly changed lanes and revealed to Defendant Michael

2

Steward that the vehicle being driven by Aleman was stopped in the roadway.

17.     Defendant Michael Steward was unable to stop in time and struck the vehicle being driven by Aleman.

**III.     NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA**

18.     Plaintiff incorporates by reference the foregoing allegations contained in Plaintiff's Complaint.

19.     Aleman was an employee of the Defendant United States of America; specifically, the Department of Homeland Security, a cabinet department of the United States federal government.

20.     At all relevant times, Aleman was acting in the course and scope of his duty as an employee, agent and/or representative of Defendant United States of America.

21.     At all relevant times, Aleman was provided the vehicle he was operating by the Defendant United States of America.

22.     On or about May 12, 2016, Aleman sought to make a dangerous maneuver on the roadway.

23.     Aleman illegally stopped his vehicle in the roadway blocking oncoming traffic.

24.     Aleman suddenly slowed and/or suddenly stopped in the highway.

25.     Aleman sought to change lanes and exit the highway onto the shoulder of the highway without activating his signal to give notice to the other drivers of his intent to slow and or stop.

26.     Aleman sought to exit his lane of traffic without signaling as required by law.

27.     Upon information and belief, the light of the vehicle was negligently maintained and the brake lights did not function property on the Defendant United States of America vehicle.

28.     Aleman had a duty to drive his vehicle in a careful, safe and prudent manner.

29.     In violation of said duty, Aleman drove his vehicle in a careless unsafe and imprudent

manner.

30.     Aleman's negligence and Defendant United States Of America's negligence includes one, or more than one, or all, of the following acts or omissions;

Driver inattention;

Improper lane change;

Improper stopping in the roadway;

Improper obstruction of traffic;

Improper braking on a highway;

Failing to keep a proper lookout;

Failing to properly signal;

Failing to maintain the brake lights on a vehicle;

Failing to keep a vehicle under control;

Driving a vehicle in violation of existing statutes and ordinances;

Failing to operate a vehicle in a safe and reasonable manner;

Driving a vehicle in a careless manner; and

Driving a vehicle recklessly.

31.     Plaintiff is making a claim for the property damage to her vehicle as a result of defendant's negligence.

32.     Plaintiff is making a claim for her loss of use of her vehicle from the time of the accident until the present.

33.     As a direct and proximate result of Defendant United States of America's negligence, Plaintiff sustained damages including, but not limited to:  past and future medical expenses, past and future pain and suffering, property damage, loss of use, lost wages, interest, and costs.

34.     Defendant United States of America is liable pursuant to the doctrine of *Respondeat Superior* liability.

35.     Defendant United States of America is liable for these damages pursuant to the tort claims act.

36.     Plaintiff exhausted her remedies by submitting the claim to the proper federal agency, receiving a denial of the claim and obtaining a right to sue letter.

## IV.    NEGLIGENCE OF DEFENDANT MICHAEL STEWARD

37.     Plaintiff incorporates by reference the foregoing allegations contained in Plaintiff's Complaint.

38.     Defendant Steward failed to stop in time and his vehicle struck the vehicle of Aleman.

39.     Upon information and belief, Defendant United States of America alleges that Defendant Steward is liable for the crash.

40.     Defendant Michael Steward had a duty to drive his vehicle in a careful, safe and prudent manner.

41.     In violation of said duty, Defendant Michael Steward drove his vehicle in a careless, unsafe and imprudent manner.

42.     Defendant Michael Steward's negligence includes one, or more than one, or all, of the following acts or omissions;

Driver inattention;

Failing to avoid contact with other vehicles on the roadway;

Failing to keep a proper lookout;

Failing to stop for traffic;

Failing to keep his vehicle under control; and

Driving a vehicle in violation of existing statutes and ordinances.

42.     As a direct and proximate result of Defendant Michael Steward's negligence, Plaintiff sustained damages including, but not limited to:  past and future medical expenses, past and future pain and suffering, property damage, loss of use, lost wages, interest, and costs.

## IV.     NEGLIGENCE OF UNKNOWN DRIVER AND CLAIM FOR UNINSURED MOTORIST BENEFITS FROM STATE FARM INSURANCE

43.     Plaintiff incorporates by reference the foregoing allegations contained in Plaintiff's Complaint.

44.     At all relevant times, State Farm provided uninsured / underinsured motorist coverage to Kimberly Steward.

45.     The unknown driver who changed lanes suddenly did so without slowing for traffic and in a manner that created a dangerous condition.

46.     The unknown driver who changed lanes suddenly did so without signaling the lane change.

47.     Upon information and belief, Defendant United States of America alleges that the unknown driver is at fault and/or liable for the crash.

48.     The unknown driver had a duty to drive his vehicle in a careful, safe and prudent manner.

49.     In violation of said duty, the unknown driver drove his vehicle in a careless, unsafe and imprudent manner.

50.     The unknown driver's negligence includes one, or more than one, or all, of the following acts or omissions;

Driver inattention;

Failing to keep a proper lookout;

Failing to signal a lane change;

Failing to keep his vehicle under control; and

Driving a vehicle in violation of existing statutes and ordinances.

51.     As a direct and proximate result of the unknown driver's negligence, Plaintiff sustained damages including, but not limited to:  past and future medical expenses, past and future pain and suffering, property damage, loss of use, lost wages, interest, and costs.

52.     Because the unknown driver left the scene of the crash, he is an uninsured / underinsured motorist pursuant to New Mexico law.

53.     Because the unknown driver left the scene of the crash, he is an uninsured / underinsured motorist pursuant to the terms of the State Farm Insurance Policy.

54.     Because the unknown driver is an uninsured /underinsured motorist, State Farm is liable for the damages caused by the unknown driver's negligence.

55.     As a direct and proximate result of Defendant Michael Steward's negligence, Plaintiff sustained damages including, but not limited to:  past and future medical expenses, past and future pain and suffering, property damage, loss of use, lost wages, interest, and costs.

WHEREFORE, Plaintiff respectfully requests a reasonable award of damages in an amount to be proven at trial and such other and further relief as the Court deems just and proper.

Respectfully submitted:

WHITENER LAW FIRM, P.A.

/S/ Daniel P. Buttram
Daniel P. Buttram, Esq.
*Attorney for Plaintiff*
4110 Cutler Avenue N.E.
Albuquerque, NM  87110
(505) 242-3333